IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| ESTATE OF QUEEN BAKER and HEIRS OF ESTATE OF QUEEN BAKER, <br><br> Plaintiffs, <br><br> v. <br><br> NEWREZ, LLC; PHH MORTGAGE CORPORATION; and WESTERN PROGRESSIVE INC., <br><br> Defendants. | No. 2:24-cv-02934-SHL-tmp |

**ORDER GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants seek a judgment on the pleadings, arguing that Plaintiffs are not proper parties and have not properly pled their claims. (ECF No. 18-1 at PageID 84–85.) Plaintiffs' deadline to respond was April 11, 2025, but they have not done so. On April 15, the Court ordered Plaintiffs to show cause by April 22 for their failure to respond (ECF No. 19), and they have not responded to that order, either. Plaintiffs were warned that a failure "to timely respond may result in the Court granting Defendants' motion." (Id. at PageID 106.) Here, the Court does just that. Because the Estate of Queen Baker is not a proper party, and because the Heirs of the Estate of Queen Baker are not authorized to bring suit on behalf of the Estate, Defendants' motion is **GRANTED**.

## BACKGROUND

The Estate and its unnamed Heirs filed suit in Shelby County Chancery Court because Defendants allegedly foreclosed on Queen Baker's home after she passed away and sold it at auction without giving proper notice to her beneficiaries. (ECF No. 1-2 at PageID 14.) Plaintiffs

allege that Defendants' failure to properly notify them deprived them of the opportunity to redeem the property. (Id.) They assert claims against Defendants for wrongful foreclosure, conversion, fraudulent conversion, fraud, negligence, and violations of their rights to due process and the Consumer Protection Acts.[1] (Id. at PageID 13.) They also seek a temporary restraining order, preliminary injunction, and permanent injunction. (Id. at PageID 16.)

Chancellor JoeDae Jenkins granted Plaintiffs an ex parte temporary restraining order enjoining Defendants from "possession, transfer of possession, proceeding with an eviction, or attempts to evict Plaintiff[s]" from the property. (ECF No. 1-2 at PageID 23–24.) But Defendants sold the property on September 17, 2024 (id. at PageID 14), and the TRO was not issued until nearly two months after the sale (id.), so it is unclear whether it had any effect. Defendants removed the case to this Court on November 27, 2024. (ECF No. 1.) Since then, Plaintiffs have not sought any federal injunctive relief.

The parties convened for a scheduling conference on January 22, 2025. (ECF No. 13.) At the conference, Defendants raised the issue of whether Plaintiffs could bring this action on behalf of the Estate because it had not yet been opened and the Heirs were not named. Plaintiffs asserted that the Estate had been opened. But, to date, they have not sought to substitute the administrator or executor in for the Estate, and they have not identified the names of the Heirs. Thus, Defendants raise the same issue in their motion for judgment on the pleadings. Because the Court agrees that the Estate is not a proper party and the Heirs cannot represent the Estate, it

---

[1] The complaint is hard to parse. Plaintiffs do not connect specific facts to their respective claims, and they do not list out each cause of action as a separate count. (See generally ECF No. 1-2 at PageID 13–17.) They also seem to assert causes of action that do not exist under Tennessee law, do not identify which consumer protection act they assert, and do not adequately plead facts supporting the requisite elements of their claims. Nevertheless, because their claims fail for a separate reason, the Court does not address these issues here.

does not reach Defendants' other arguments.

## ANALYSIS

"An action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). The real party in interest "is the person who is entitled to enforce the right asserted under the governing substantive law." Certain Interested Underwriters at Lloyd's, London, England v. Layne, 26 F.3d 39, 42–43 (6th Cir. 1994) (citing Lubbock Feed Lots, Inc. v. Iowa Beef Processors Inc., 630 F.2d 250, 256–57 (5th Cir. 1980)). The substantive law that creates the right the plaintiff seeks to enforce determines who can prosecute an action under that law. Id. at 257 (citing Swanson v. Bixler, 750 F.2d 810, 813 (10th Cir. 1984)). The governing substantive law in diversity actions is state law. Id. (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78–79 (1938)). Here, that state is Tennessee.

Under Tennessee law, an estate by itself is not a proper party. Gamane v. Diamond, No. 1:22-cv-01199-JDB-jay, 2024 WL 3378968, at *1 (W.D. Tenn. July 11, 2024); see also Tenn. Code Ann. § 20-5-116 ("Suit abated by the death of either party may be revived by or against the heir, personal representative, guardian or assign, as the case may be, who may be legally entitled to the decedent's place in the subject matter of the litigation."); McLean v. Chanabery, 5 Tenn. App. 276, 279 (Tenn. Ct. App. 1926) (finding that an estate by itself "cannot be held to describe or name any legal entity or quasi-legal entity having any capacity whatever to initiate suit"). Indeed, the only person who may "enter upon the administration of any deceased person's estate" is the one who "obtained letters of administration or letters testamentary." Palmer v. Colvard, No. E2018-00454-COA-R3-CV, 2019 WL 3451393, at *2 (Tenn. Ct. App. July 31, 2019) (quoting Tenn. Code Ann. § 30-1-101); see also Fed. R. Civ. P. 17(a) (stating that an executor or an administrator may sue in their own names on behalf of "the person for whose

3

benefit the action is brought").

The Court is persuaded that the Estate of Queen Baker, by itself, is not a proper party here without a named representative authorized under Tennessee law to prosecute this action on the Estate's behalf.[2] And the Heirs of Queen Baker are not authorized under Tennessee law to bring this action on behalf of the Estate.[3] See Tenn. Code Ann. § 30-1-101 (stating that the only people who can represent an estate are those who have obtained letters of administration or letters testamentary). To the extent there is any law to the contrary, the Court cannot find it, and Plaintiffs have neglected to present it.

## CONCLUSION

For the foregoing reasons, Defendants' motion for judgment on the pleadings is **GRANTED**. Plaintiffs never responded to the motion and failed to respond to the Court's show cause order, so their complaint is **DISMISSED WITHOUT PREJUDICE**. Although the Court did not reach Defendants' arguments concerning the form of Plaintiffs' complaint, should Plaintiffs choose to refile this case, they are cautioned to revisit both the substance and the form of their pleading.

---

[2] Defendants go one step further to argue that, without an appointed administrator or executor, the estate does not yet exist. (ECF No. 84–85.) But the case they cite for this proposition does not support their argument. Regardless, the Court need not decide this issue because the Estate by itself is not a proper party, even if it does exist.

[3] As far as the Court can discern from the allegations in the complaint, the Heirs are filing suit on behalf of the Estate and not individually. But the complaint is unclear insofar as it fails to connect specific facts with specific causes of action asserted by specific claimants. To the extent that the Heirs are suing on their own behalf, they are not properly identified. The complaint "must state that names of the parties." Citizens for a Strong Ohio v. Marsh, 123 F. App'x 630, 636 (6th Cir. 2005) (citing Fed. R. Civ. P. 10(a)). And the Heirs have not sought to proceed pseudonymously. The Court does not have jurisdiction over unnamed parties. Id. at 637 (quoting Nat'l Commodity & Barter Ass'n, Nat'l Commodity Exch. v. Gibbs, 886 F.2d 1240, 1245 (10th Cir. 1989)). Thus, even if the Heirs are proceeding in their individual capacity, their anonymity is "fatal" to their claims. See id. (citing Gibbs, 886 F.2d at 1245).

**IT IS SO ORDERED,** this 8th day of May, 2025.

                                                    s/ Sheryl H. Lipman  
                                                   SHERYL H. LIPMAN  
                                                   CHIEF UNITED STATES DISTRICT JUDGE

Case 2:24-cv-02934-SHL-tmp    Document 20    Filed 05/08/25    Page 5 of 5    PageID 111